## EDWARD L. DAY *vs.* JOHN MCALLISTER.

A contract made in violation of the Lord's day act is absolutely void, and no subsequent ratification will sustain an action upon it.

ACTION OF CONTRACT on a promissory note. Answer, that it was made on the Lord's day, and therefore void.

At the trial in the court of common pleas in Berkshire, *Bishop*, J. refused to instruct the jury that if the note was made on the Lord's day, still this action could be maintained if the defendant had by any subsequent promise or act on a week

day ratified the note; and that if the defendant had retained the property for which the note was given, treated it as his own, and sold or disposed of it, or part of it, and received the money therefor, it was evidence tending to show such ratification. A verdict was returned for the defendant, and the plaintiff alleged exceptions, which were argued at the last term in Berkshire.

*J. E. Field & M. Wilcox,* for the plaintiff, cited *Adams* v. *Gay,* 19 Verm. 358; *Sumner* v. *Jones,* 24 Verm. 317; *Goss* v. *Whitney,* 27 Verm. 272; *Johnson* v. *Willis,* 7 Gray, 164.

*J. C. Wolcott,* for the defendant, cited *Langton* v. *Hughes,* 1 M. & S. 596; *Fennell* v. *Ridler,* 8 D. & R. 204; *Smith* v. *Sparrow,* 4 Bing. 84; *Bosworth* v. *Swansey,* 10 Met. 363; *Fox* v. *Abel,* 2 Conn. 541; *Clough* v. *Davis,* 9 N. H. 500; *Allen* v. *Deming,* 14 N. H. 133; *Varney* v. *French,* 19 N. H. 233; *Smith* v. *Wilcox,* 19 Barb. 581.

HOAR, J. The contract upon which the plaintiff declares, being an illegal contract, expressly prohibited by statute, will not support an action. *Bayley* v. *Taber,* 5 Mass. 286. *Pattee* v. *Greely,* 13 Met. 284. *Merriam* v. *Stearns,* 10 Cush. 257. It has no legal force or obligation. No repudiation by a formal act was requisite to render it inoperative. It had no partial validity, such as would make it capable of subsequent completion. The statute which prohibited it was not designed merely for the protection of the defendant, giving him a personal privilege which he might waive; but rested upon grounds of broad public policy. The defendant could not ratify the illegal contract, because its want of validity did not depend in any degree upon his choice. The law annulled it, and there was no subject of ratification. He might make a new one; but any arrangement or agreement between the parties on any subsequent day, whether direct and express, or implied from their dealings with each other's property, would be a new and independent transaction. It is not quite accurate to speak of the "ratification" by a party of something which the law forbids, and which is made void, not from any want of his full consent, but in spite of it. 20 Amer. Jurist, 255. The dis-

tinction is clearly regarded in *Williams* v. *Paul*, 6 Bing. 653, and in the decision of the recent case of *Stebbins* v. *Peck*, 8 Gray, 553. In the latter case the word "ratification" is used, it is true, but it is in connection with the word "adoption," and was not intended, as the context shows, to give any countenance to the idea that the contract could be made valid *ab initio* by any subsequent agreement between the parties.

This action is upon the note, the original illegal contract, and it cannot be maintained. *Exceptions overruled.*